# CIRCUIT COURT OF THE CITY OF RICHMOND

Corrine O. Stevens,
Ex'r of the Estate of
Alma E. B. J. Bonner, et al.

v.

Hospital Authority
of the City of Petersburg et al.

March 5, 1998

BY JUDGE DONALD W. LEMONS

By letter opinion of this court dated May 27, 1997, [42 Va. Cir. 321] the plea of sovereign immunity of The Hospital Authority of the City of Petersburg, d/b/a Southside Regional Medical Center (SRMC), was granted. The matters now before the court are certain additional defendants' pleas of sovereign immunity. Following the hearing of December 15-17, 1997, which addressed this issue, the court has made a determination on the matter of sovereign immunity with respect to each defendant. At issue is whether the sovereign immunity of the Hospital Authority should extend to employees and agents of SRMC. Despite much criticism, the doctrine of sovereign immunity remains alive, and its extension to employees and agents of the sovereign is justified by public policy. The purpose of sovereign immunity includes:

Protecting the public purse, providing for smooth operation of government, eliminating public inconvenience and danger that might spring from officials being fearful to act, assuring that citizens will be willing to take public jobs, and preventing citizens from improperly influencing the conduct of governmental affairs through the threat or use of vexatious litigation. Given the several purposes of the doctrine, it follows that in order to fulfill those purposes, the protection afforded by the doctrine cannot be limited solely to the sovereign. Unless the protection of the doctrine extends to some of the people who help run

the government, the majority of the purposes for the doctrine will remain unaddressed ... . the State can act only through individuals.

*Messina v. Burden,* 228 Va. 301 (1984).

## James v. Jane Test

Each of those defendants claiming sovereign immunity must meet the four-prong test articulated by the Supreme Court of Virginia in *James v. Jane,* 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980). The test evaluates: (1) the nature and function of the job performed by the employee; (2) the extent of the state's interest and involvement in the function; (3) the degree of control exercised by the state over the employee; and (4) whether the act involved concerned discretion and judgment of the employee.

*Quorum Health Resources, Inc., David S. Dunham, Dorothy Mizelle, Violet Walthall, Tracy W. Bishop, Alba A. Shank, Marcia Whittingham, Karen Anderson, Rosalia Ross, Brenda L. Ball, Corrine M. Tucker, Margaret Grumfield, Betty D. Starks, Edward Hardy, Robert A. Phelps*

On December 17, 1996, a Special Plea of sovereign immunity was filed on behalf of the Hospital Authority, d/b/a Southside Regional Medical Center, Quorum Health Resources, Inc., David S. Dunham, Dorothy Mizelle, Violet Walthall, Tracy W. Bishop, Alba A. Shank, Marcia Whittingham, Karen Anderson, Rosalia Ross, Brenda L. Ball, Corrine M. Tucker, Margaret Grumfield, Betty D. Starks, Edward Hardy, Robert A. Phelps (hereinafter "SRMC defendants"). In its letter opinion of May 27, 1997, the court granted SRMC immunity from tort liability, other than for allegations of nuisance. At the hearing held on December 15-17, 1997, the court considered evidence presented on the subject of the remaining SRMC defendants' plea of sovereign immunity.

Quorum and Dunham claim that as agents of SRMC, they are entitled to share in the sovereign immunity granted to the Hospital Authority. They assert that their relationship to SRMC establishes that they have successfully met the test set out by the Supreme Court of Virginia in *James v. Jane,* 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980). Quorum provided SRMC with the services of Dunham, who serves as the President and Chief Executive Officer. The President and CEO of a hospital serve a unique function which must be tailored according to the individual needs of the hospital. As a sovereign

entity whose primary function is to provide health care to its patients, the existence of SRMC is of great significance to the Commonwealth. In *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980), the court found that the doctors/defendants were *not* entitled to claim sovereign immunity although employed by University of Virginia Medical Center, an agency of the Commonwealth. The court held that the "paramount interest of the Commonwealth of Virginia [in the University of Virginia Medical Center] ... . was [to] operate a good medical school."*Id.* at 54.

For the purpose of analysis of entitlement to sovereign immunity, a major distinction between SRMC and the University of Virginia Medical Center is the nature of the Commonwealth's interest. In *James v. Jane*, the Court noted that the Commonwealth's paramount concern was operating a medical school and not the provision of medical services to the public. By contrast, SRMC was created pursuant to Title 15.1, Chapter 38, §§ 15.1-1533 *et seq.*, and its sole purpose is the provision of a hospital where medical services and patient care are rendered.

The Management Agreement entered into by Quorum and SRMC specifically reserved all control over Dunham to the Hospital Authority. Testimony at the hearing of December 15-17 underscored the lack of involvement by Quorum in the performance of any of Dunham's responsibilities. SRMC reviews Dunham's job performance and has the sole responsibility for his termination.

The fact that judgment and discretion are exercised by Dunham in his capacity as President and CEO of SRMC is unquestionable. While policy guidelines are set by the Hospital Authority, implementation is left to management. Dunham is required to exercise discretion in negotiating contracts, both for physicians and services, and handle unanticipated problems concerning the administration of a hospital on a daily basis.

The evidence further demonstrates that the remaining SRMC employees, including the nurses, did not have any relationship with Quorum. At all times nurses Dorothy Mizelle, Violet Walthall, Tracy W. Bishop, Alba A. Shank, Marcia Whittingham, Karen Anderson, Rosalia Ross, Brenda L. Ball, Corrine M. Tucker, Margaret Grumfield, switchboard operator Betty D. Starks, and SRMC plant technician Edward Hardy and Director of Security Robert A. Phelps remained under the control and direction of SRMC.

Nurses Dorothy Mizelle, Violet Walthall, Tracy W. Bishop, Alba A. Shank, Marcia Whittingham, Karen Anderson, Rosalia Ross, Brenda L. Ball, Corrine M. Tucker, and Margaret Grumfield are employees of SRMC who exercise judgment and discretion in decisions relating to patient care,

including the determination of how to restrain a patient within the procedural guidelines promulgated by SRMC. The court is persuaded that Betty M. Starks exercises judgment and discretion in her position as a switchboard operator for SRMC. The evidence supports the testimony of Edward Hardy and Robert Phelps that their respective positions require them to use their judgment and discretion in their work at the hospital.

For each of the SRMC defendants, the court finds that the nature and function of the job performed by the employee/agent is essential to the governmental function of the hospital, the interest of the state is significant, the control of the state is at a high level, and the employee/agents exercise a significant degree of judgment and discretion in their work. The court finds that all of the remaining SRMC defendants are entitled to share in the sovereign immunity enjoyed by the Hospital Authority. Based upon application of the test articulated in *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980), the court grants the Special Plea of Sovereign Immunity for Quorum Health Resources, Inc., David S. Dunham, Dorothy Mizelle, Violet Walthall, Tracy W. Bishop, Alba A. Shank, Marcia Whittingham, Karen Anderson, Rosalia Ross, Brenda L. Ball, Corrine M. Tucker, Margaret Grumfield, Betty D. Starks, Edward Hardy, and Robert A. Phelps for acts of simple negligence.

*Marriott Management Services Corp., Host Marriott, Marriott Corp, and John E. McHugh*

The defendants, Marriott Management Services Corp., Host Marriott, Marriott Corp., and John E. McHugh (hereinafter "Marriott defendants"), claim that their contractual relationship with Southside Regional Medical Center (hereinafter "SRMC") entitles them to sovereign immunity for their actions in this case.

The Marriott defendants rely upon the application of the four-prong *James v. Jane* test in support of their plea of sovereign immunity. Pursuant to their contractual agreement with SRMC, the nature of the functions performed by the Marriott defendants are to provide management of housekeeping services for the hospital. SRMC was created as a political subdivision of the Commonwealth of Virginia. The provision of housekeeping services plays an important role in the rendering of health care services at a hospital facility; consequently, the Commonwealth has an important interest in the role performed by the Marriott defendants. Additionally, testimony at the hearing of December 15-17 revealed that employees of SRMC maintained control

over the duties performed by the Marriott defendants. Marriott's employee, John McHugh, the director of housekeeping, reported directly to assistant administrators, all of whom were hospital employees. McHugh's position called for the exercise of judgment and discretion. McHugh oversaw the duties performed by hospital employees which included the stripping and waxing of floors and making recommendations to the hospital with regard to employment termination of hospital employees. The ultimate control of McHugh's duties, however, remained with the hospital.

The court finds that all of the Marriott defendants were agents of SRMC acting within their contractual authority to provide housekeeping services to the hospital. Based upon its application of the test articulated in *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980), the court grants the Special Plea of sovereign immunity for Marriott Management Services Corp., Host Marriott, Marriott Corp., and John E. McHugh for acts of simple negligence.

*Pinkerton's, Inc., Morris E. Bankhead, Nevin J. Leininger, Robert L. Kornegay, Jr., Abiodun A. Adekoya, and Charlie Walker, Jr.*

Pinkerton's, Inc., and its employees Morris E. Bankhead, Nevin J. Leininger, Robert L. Kornegay, Jr., Abiodun A. Adekoya, and Charlie Walker, Jr. (hereinafter "Pinkerton defendants") claim sovereign immunity in this case. The Pinkerton defendants assert that the contract entered into between Pinkerton's and SRMC on September 21, 1987, made them agents of SRMC for purposes of sovereign immunity. The Pinkerton defendants assert that the immunity granted to the Hospital Authority must be extended to them as well.

The Pinkerton defendants rely upon the application of the four-prong *James v. Jane* test to support their claim for immunity. The nature of the function performed by the Pinkerton defendants is to provide security services as specified in the contract between the parties. The contract further specified that these duties were to be performed exclusively for the benefit of SRMC. The services provided by Pinkerton defendants are essential to the efficient and safe operation of SRMC. Testimony at the December 15-17 hearing showed that SRMC is directly involved with the performance of Pinkerton's duties, including specifying the number of officers to be present on each unit and ordering the officers to respond to emergency calls, designated by SRMC by the code name "Mr. Atlas."

SRMC exercises a high degree of control over the actions taken by the Pinkerton defendants involving any patient in the hospital. Testimony at the hearing by Pinkerton employees revealed that the Pinkerton defendants could not refuse to respond to the "Mr. Atlas" emergency calls. On the night of December 31, 1994, the Pinkerton employees testified that their restraint of Ms. Matthews was done at the direction of the SRMC nurses.

Pinkerton defendants exercised discretion and judgment in the performance of their duties. In *Smith v. Settle*, 254 Va. 348 (1997), the Supreme Court of Virginia found that an ambulance driver responding to an emergency call was immune for damages which resulted from his negligence in a collision. The court held that this ambulance trip "involved the exercise of discretion and judgment required by a person performing a governmental function in operating a vehicle in response to an emergency."*Id.*

The court finds that a similar type of judgment and discretion was exercised by the Pinkerton defendants in their response to "Mr. Atlas" calls. Throughout their testimony, Pinkerton employees testified about a range of options available to them in responding to a "Mr. Atlas" call. The individual officer's judgment and discretion is involved, including a judgment about the amount of force required to restrain a patient.

The court finds that all of the Pinkerton defendants were agents of SRMC acting within their contractual authority to provide security services to the hospital. Based upon application of the test articulated in *James v. Jane*, 221 Va. 43, 53, 282 S.E.2d 864, 869 (1980), the court grants the Special Plea of sovereign immunity for Pinkerton's, Inc., and its employees Morris E. Bankhead, Nevin J. Leininger, Robert L. Kornegay, Jr., Abiodun A. Adekoya, and Charlie Walker, Jr., for acts of simple negligence.